Fuchsberg, J.
(concurring). I agree that permanent neglect by the mother has not been established and that the proceeding to free the child for adoption therefore must be dismissed.
But on the matter of custody, as distinguished from parenthood, I concur in result only. On the particular circumstances in this case, I agree that, the permanent neglect proceeding having been dismissed, the child should be returned to the custody of the biological mother.
These circumstances include the fact that the mother and Sanjivini have for some years been visiting regularly so that the existence of a dual relationship — of parent and child and foster parents and child — is not strange to her life. Above all, it preserved the parental ties. Furthermore, now over 13, past puberty and into adolescence and early adulthood, the child is likely to be able to handle the transition in stride. Also I am impressed by the fact that the custody in the foster parents was known to all — mother, child, foster parents — to have been intended to be only temporary; the mother’s ties with her daughter, both by support and personal contact, despite the immense obstacles placed in her path by the social and legal vicissitudes the majority has detailed, have left no possibility of any misunderstanding on that score. In addition, the unfortunate prolongation of the litigation, for which there is no indication that the mother is blameworthy, has made for periodic examination and re-examination of the developing relationships involved. Add to this the favorable report on the mother’s living and schooling accommodations. On balance, then, as indicated, I agree that in this case, despite the long separation, custody of the child should be returned to the mother.
So voting, however, I wish to make it clear that, in my view, absent these circumstances, where there has been an unusually long separation and fostering of new ties, I do not believe, simply because the placement was statutory and the permanent neglect proceeding was decided in favor of the mother, that custody would have to be returned to the mother. Once the foster relationship has, willy-nilly, shifted from a "temporary” to a "permanent” one, best interest factors in another case could contraindicate disruption of that relationship and instead dictate an opposite result (see Matter of Benitez v Llano, 39 NY2d 758, 759; Matter of Gomez v Lozado, 40 NY2d 839; Matter of Goldman, 41 NY2d 894; Matter of Bennett v Jeffreys, 40 NY2d 543, 549). (See, generally, Goldstein, Freud *384 and Solnit, Beyond the Best Interests of the Child [1973]; Erikson, Growth and Crisis of the "Healthy Personality” in Personality, in Nature, Society and Culture [1955], 185-225; Bowley, Child Care and Growth of Love [1953]; Freud, Some Remarks on Infant Observation, 8 Psychoanalytic Study of the Child; Foster, Adoption and Child Custody: Best Interests of the Child? 22 Buffalo L Rev 1, 12-13.)
Chief Judge Cooke and Judges Jasen, Gabrielli and Jones concur with Judge Wachtler; Judge Fuchsberg concurs in result in a separate opinion.
Order reversed, etc.